**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Michael Shelton, Plaintiff, vs. Officer P. Ward, Defendant. | Civil Action No. 6:26-cv-01162-TMC **ORDER** |

Plaintiff Michael Shelton, a pretrial detainee proceeding *pro se*, filed this civil rights action against Defendant, an officer employed by the Greenville County Sheriff's Department. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. After conducting an initial review, the magistrate judge issued an order advising Plaintiff to bring his case into proper form by paying the filing fee or fully completing, signing, and returning a Form AO-240 in support of his application to proceed *in forma pauperis*. (ECF No. 6). The order was mailed to Plaintiff at the only address provided the court in connection with this action, (ECF No. 7), but was subsequently returned to the court bearing the notations "Return to Sender" and "unable to forward." (ECF No. 8).

Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order unless Plaintiff complied with the proper form order within the time set forth for filing objections to the Report. (ECF No. 9 at

2). The magistrate judge also observed that the form complaint used by Plaintiff states that "I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." *Id.* at 1 n.1. Plaintiff acknowledged his agreement by signing immediately below the statement. *See* (ECF No. 1 at 7). The magistrate judge noted that Plaintiff has not advised the court of any changes to his address or contacted the court in any way. (ECF No. 9 at 1).

The Report advised Plaintiff of his right to file objections thereto, *id*. at 3, and was mailed to the only address for Plaintiff on record with the court. (ECF No. 10). To date, the Report has not been returned as undeliverable and Plaintiff, therefore, is presumed to have received it. Nevertheless, Plaintiff has failed to file any objections to the Report and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating

only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court agrees with the conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report, (ECF No. 9), and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

Greenville, South Carolina
October 26, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.